**COSTELLO & MAINS, LLC**
By: Deborah L. Mains
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | | |
|---|---|---|
| JENNIFER GROSSMAN, | : | UNITED STATES DISTRICT COURT |
| | : | DISTRICT OF NEW JERSEY |
| Plaintiff(s), | : | |
| | : | CIVIL ACTION |
| vs. | : | |
| | : | **Electronically filed** |
| BIG GEE ENTERPRISES, LLC; PAT | : | |
| POWERS; BERNADETTE POWERS; and | : | DOCKET NO: |
| JOHN DOES 1-5 AND 6-10, | : | |
| | : | |
| Defendant(s). | : | **COMPLAINT AND JURY DEMAND** |
| | : | |

Plaintiff Jennifer Grossman ("Plaintiff"), by way of complaint against the defendants, says:

**Preliminary Statement**

1. This action is brought by plaintiff to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. Sec. 201, et seq. ("FLSA") and the New Jersey Wage and Hour Law ("NJWHL").

**Jurisdiction and Venue**

2. Jurisdiction of the Court is invoked pursuant to 29 U.S.C. Sec. 216(b), 28 U.S.C. Sec. 1331 and 28 U.S.C. Sec. 1332.

3. Because plaintiff and defendants are residents of the district of New Jersey, venue is proper within this district pursuant to 28 U.S.C. Sec. 1391.

**Identification of Parties**

1. Plaintiff Jennifer Grossman resides at 116 Blackwood-Clementon Road, Apt. 309G, Clementon, NJ, and at all pertinent times herein, was employed by defendants.

2. Defendant Big Gee Enterprises, LLC. ("BGE") is a limited liability company operating a McDonald's restaurant franchise and maintaining a corporate residence in the State of New Jersey and a principal place of business at 517 S. White Horse Pike, Lindenwold, NJ 08021.

3. Defendant Pat Powers is an individual who is a member of BGE who acts directly or indirectly in the interest of BGE in relation to its employees, including plaintiff.

4. Defendant Bernadette Powers is an individual who is either a member of BGE or a manager of BGE who acts directly or indirectly in the interest of BGE in relation to its employees, including plaintiff.

5. BGE is an employer within the meaning of 29 USC Sec. 203 and within the meaning of the NJWHL. Upon information and belief BGE has gross annual revenue in excess of $500,00 per year.

6. Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the plaintiff in this matter.

**General Allegations**

7. Plaintiff was employed by defendants from on or around March 21, 2015 through her last day of employment on or around July 29, 2017.

8. Plaintiff was hired as a crew member earning $8.40 per hour.

9. In or around July 2015, plaintiff's hourly rate increased to $8.55 per hour.

10. In or around December 2015, plaintiff's hourly rate increased to $8.70 per hour.

11. In or around December 2015, plaintiff was promoted to a shift manager position,

12. Plaintiff remained an hourly paid employee as a shift manager.

13. In January 2016, plaintiff's hourly rate increased to $9.15 per hour.

14. In July 2016, plaintiff's hourly rate increased to $9.50 per hour.

15. In or around February 2017, plaintiff's hourly rate increased to $9.65 per hour.

16. Plaintiff's time records, which are in defendants' possession, reflect the hours that she worked each day.

17. Plaintiff's weekly hours vary and details cannot be provided prior to the conduct of discovery to obtain all of her time sheets. However, plaintiff can estimate that her hours ranged from 41-50 or more each week.

18. Defendants have willfully refused to pay overtime to plaintiff in an amount equal to one and one half her regular hourly rate for all hours worked in excess of 40 per week.

19. Instead, defendants have paid plaintiff "straight time" only for the hours worked in excess of 40 per week.

20. Plaintiff's requests to receive time and one half her regular hourly rate for overtime hours were unavailing.

21. As an hourly paid employee, plaintiff cannot be deemed exempt from the overtime requirements of the FLSA or NJWHL, regardless of her job duties.

22. Defendants' refusal to pay overtime was willful, warranting a three year statute of limitations.

23. Defendants' refusal to pay overtime mandates the imposition of liquidated damages.

## COUNT I

### FLSA Violation

24. Plaintiff hereby repeats and realleges paragraphs 1 through 23 as though fully set forth herein.

25. Plaintiff, during the course of her employment, regularly worked more than forty hours in a work week.

26. Defendants failed to pay plaintiff overtime compensation at one and one-half times her regular hourly rate for hours worked in excess of forty in a work week.

27. Defendants, by the above acts, have violated 29 U.S.C. Sec. 207.

28. Plaintiff has suffered monetary damages as a result of defendants' acts.

**WHEREFORE**, plaintiff respectfully requests that this Court enter a judgment;

    (a) declaring that the acts and practices complained of herein are in violation of the FLSA;

    (b) declaring that the acts and practices complained of herein are willful violations within the meaning of 29 U.S.C. Sec. 255(a);

    (c) enjoining and restraining permanently the violations alleged herein, pursuant to 29 U.S.C. Sec. 217;

    (d) directing defendants to make plaintiff whole for all unpaid overtime wages due as a consequence of defendants' violation of the FLSA, together with interest thereon from the date(s) such wages were due but unpaid;

(e) directing defendants to pay plaintiff an additional amount of liquidated damages as provided for in 29 U.S.C. Sec. 216(b);

(f) awarding plaintiff the costs of this action together with reasonable attorneys' fees, as provided in 29 U.S.C. Sec. 216(b); and

(g) granting such other and further relief as this Court deems necessary and proper.

## COUNT II

### Violation of the NJWHL

29. Plaintiff hereby repeats and realleges paragraphs 1 through 30 as though fully set forth herein.

30. Plaintiff, during the course of her employment, regularly worked more than forty hours in a work week.

31. Defendants failed to pay plaintiff overtime compensation for hours worked in excess of forty in a work week.

32. Defendants, by the above acts, have violated the New Jersey Wage and Hour Law.

33. Plaintiff has suffered monetary damages as a result of defendants' acts.

**WHEREFORE**, plaintiff respectfully requests that this Court enter a judgment;

(a) declaring that the acts and practices complained of herein are in violation of the NJWHL;

(b) directing defendants to make plaintiff whole for all unpaid overtime wages due as a consequence of defendants' violation of the NJWHL, together with interest thereon from the date(s) such wages were due but unpaid;

    (c) awarding plaintiff the costs of this action together with reasonable attorneys' fees; and

    (d) granting such other and further relief as this Court deems necessary and proper.

    Respectfully submitted,

    **COSTELLO & MAINS, P.C.**

    By: \_\_/s/ Deborah L. Mains\_\_\_\_\_
     Deborah L. Mains
    18000 Horizon Way, Suite 800
    Mt. Laurel, New Jersey 08054
    856-727-9700
    dmains@costellomains.com

    Attorneys for Plaintiffs

Dated: August 31, 2017

## DEMAND FOR A TRIAL BY JURY

Plaintiff, by and through his above-signed counsel, hereby demands, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a trial by jury on all Counts in the above-captioned action.

**COSTELLO & MAINS, P.C.**

By:   /s/ Deborah L. Mains_____
         Deborah L. Mains

## DESIGNATION OF TRIAL COUNSEL

Deborah L. Mains, Esquire, of the law firm of Costello & Mains, P.C., is hereby-designated trial counsel.

**COSTELLO & MAINS, P.C.**

By:   /s/ Deborah L. Mains_____
         Deborah L. Mains

## DEMAND TO PRESERVE EVIDENCE

1. All defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to plaintiff's employment, to plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2. Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

**COSTELLO & MAINS, P.C.**

By: /s/ Deborah L. Mains
      Deborah L. Mains